# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIC BRIDGES,
    Plaintiff,

v.                             CIVIL ACTION NO. 18-CV-3972

MONTGOMERY COUNTY
SHERIFF'S OFFICE, *et al.*,
    Defendants.

FILED
OCT 05 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

**PRATTER, J.**                                                   **OCTOBER 5, 2018**

On September 14, 2018, *pro se* Plaintiff Eric Bridges filed this civil action against the Montgomery County Sheriff's Office Montgomery County Human Resources, Sean Kilkenny, Andrea Sovari, and Donna Pardien, raising claims arising from his termination from employment with the Sheriff's Office. (ECF No. 2.) He stated that he was bringing suit pursuant to 42 U.S.C. § 1983. (*Id.* at 2.) Mr. Bridges also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.)

On September 27, 2018, the Court received an Amended Complaint from Bridges. (ECF No. 4.) Mr. Bridges prepared his Amended Complaint using this Court's form complaint for a plaintiff filing an employment discrimination action. Mr. Bridges checked that he was bringing suit pursuant to Title VII of the Civil Rights Act of 1964. (*Id.* at 1.) He also submitted a Motion for Appointment of Counsel. (ECF No. 5.)

The Court will construe the operative pleading to consist of both the Complaint and the Amended Complaint. For the following reasons, the Court will grant Mr. Bridges leave to proceed *in forma pauperis*, dismiss his Complaint and Amended Complaint as barred by *res judicata*, and deny his Motion for Appointment of Counsel.

## I.  FACTS

Mr. Bridges was previously employed by the Montgomery County Sheriff's Office. In his Complaint, he alleges that he was "forced to resign," suffered a mental breakdown, and "lost [his] house [and his] family." (Compl. at 3.)[1] Mr. Bridges also states that he is now in debt. (*Id.*) Prior to his resignation, he and Deputy Sovari were "involved in a relationship." (*Id.*) According to Bridges, Sovari asked him "for a[n] explic[i]t photo." (*Id.*) The "county said they were going to do a full investigation" and Bridges states that never occurred. (*Id.*) He argues that he "was treated differently, and discriminated against." (*Id.* at 4.) Mr. Bridges states that "Donna Pardien said she was going to pull video, interview everyone in detention area [and] never did." (*Id.*) He indicates that the events giving rise to his claims occurred on April 23, 2016. (*Id.* at 3.) As relief, Mr. Bridges seeks reinstatement as well as compensation for his loss. (*Id.* at 4.)

In the Amended Complaint, Mr. Bridges alleges that the Montgomery County Sheriff's Department discriminated against him by terminating his employment, retaliating against him, upholding unequal terms and conditions of employment, and by not following its own policies and procedures. (Am. Compl. at 2-3.) He states that the discrimination was based upon the fact that he is black and male. (*Id.* at 3.) Mr. Bridges alleges that on August 23, 2016, the Montgomery County Sheriff's Office "received notification of [him] violating policy/procedures as well as county policy." (*Id.*) Mr. Bridges has attached a letter dated August 23, 2016 to the Amended Complaint. (*Id.* at 23.) In that letter, Mr. Bridges was informed that he was "being relieved from duty with pay pending the outcome of [an] investigation." (*Id.*) He contends that

---

[1] The Court uses the pagination assigned to the Complaint and Amended Complaint by the CM/ECF docketing system.

2

he never violated policies or procedures on that date because he "was out due to a car accident, at the hospital in the emergency room at Pottstown Hospital with [his] youngest son." (*Id.* at 3.)

Mr. Bridges indicates that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") on March 17, 2017, and that he received a Notice of Right to Sue Letter on March 21, 2017. (*Id.* at 4.) Mr. Bridges asks that the Court direct the Sheriff's Office to re-employ him and reasonably accommodate his disabilities, as well as provide him his old badge number, radio number, and partner. (*Id.* at 5.) Mr. Bridges also asks for a "letter of sorrow" and a rehiring ceremony, as well as damages. (*Id.*)

Public dockets reflect that on June 20, 2017, Mr. Bridges, through counsel, filed a gender discrimination suit pursuant to Title VII of the Civil Rights Act of 1964 against Kilkenny, Sovari, "John/Jane Does 1-10," and Montgomery County. *Bridges v. Kilkenny*, Civ. A. No. 17-2802 (E.D. Pa.). This suit was based upon the same set of events leading up to Mr. Bridges' forced resignation from the Montgomery County Sheriff's Office. Compl. at 3-5, *Bridges v. Kilkenny*, Civ. A. NO. 17-2802 (E.D. Pa.) (ECF No. 1). By Memorandum and Order entered on December 21, 2017, the Court granted the defendants' motion to dismiss Mr. Bridges' complaint as untimely. *Bridges v. Kilkenny*, No. 17-2802, 2017 WL 6525778, *1-2 (E.D. Pa. Dec. 21, 2017).

## II.  STANDARD OF REVIEW

The Court will grant Mr. Bridges leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees necessary to commence this action. Title 28, section 1915(e)(2)(B)(ii) of the United States Code requires the Court to dismiss the Complaint and Amended Complaint if they fail to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under

Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Reaves v. Pa. Bd. of Prob. & Parole*, 580 F. App'x 49, 51 n.1 (3d Cir. 2014) (per curiam). Because Mr. Bridges is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The doctrine of *res judicata* bars claims that were brought or could have been brought in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted).

With respect to the first element, as noted above, the Court dismissed Mr. Bridges' previous Title VII action as untimely filed. *See Bridges*, 2017 WL 6525778, at *1-2. The United States Court of Appeals for the Third Circuit has held that disposition of a Title VII action as untimely filed is a decision on the merits for purposes of *res judicata*. *Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 173 (3d Cir. 2009). Thus, the first element is satisfied.

With respect to the second factor, the Third Circuit has explained privity to be "merely a word used to say that the relationship between one who is a party on the record and another is

close enough to include that other within the *res judicata*." *Marran v. Marran*, 376 F.3d 143, 151 (3d Cir. 2004) (quoting *EEOC v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990)); *see also Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999) (doctrine of *res judicata* prohibits successive suits against the same defendants and those in privity with them based on the same underlying events).

In his previous Title VII case, Mr. Bridges named as Defendants Sean Kilkenny, Andrea Sovari, "John/Jane Does 1-10," and Montgomery County. *See generally Bridges v. Kilkenny*, Civ. A. No. 17-2802 (E.D. Pa.). In the instant action, Mr. Bridges has named the Montgomery County Sheriff's Office, Montgomery County Human Resources, Sean Kilkenny, Andrea Sovari, and Donna Pardien as Defendants. (Compl. at 1.) Although Mr. Bridges has named an additional County employee (Donna Pardien) and two entities within the County as Defendants in the instant suit, the factual allegations concerning these individuals and entities mirror those raised by Mr. Bridges in his previous Title VII suit. Thus, the second element is also met. *See Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) (concluding that the "same parties" requirement in a res judicata analysis is met, despite the addition of more defendants in a subsequent lawsuit, when the "essence of the cause of action" in the second lawsuit is not altered by the addition of more defendants).

With respect to the third element, courts "take a 'broad view' of what constitutes the same cause of action.'" *Blunt v. Lower Merion School Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010)). Moreover, a *res judicata* analysis "does not depend on the specific theory invoked, but rather [on] 'the essential similarity of the underlying events giving rise to the various legal claims.'" *Elkadrawy*, 584 F.3d at 173 (quoting *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982)). "[T[he focal

5

points of [the Court's] analysis are whether the acts complained of were the same, whether the material facts alleged in each suit were the same and whether the witnesses and documentation required to prove such allegations were the same." *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984). Furthermore, "res judicata bars not only claims that were brought in the previous action, but also claims that could have been brought." *See Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007).

Here, Mr. Bridges' Title VII claims are clearly the same as those he asserted in his previous Title VII case. Moreover, it does not matter for *res judicata* purposes that Mr. Bridges also wishes to proceed under § 1983. The factual allegations underlying his § 1983 claims are indistinguishable from the factual allegations of his previous suit. Thus, Mr. Bridges should have included his § 1983 claims in his previous Title VII suit. *See Elkadrawy*, 584 F.3d at 173-74 (affirming dismissal of plaintiff's complaint pursuant to 42 U.S.C. § 1983 because his factual allegations were substantially similar to those raised in a previous Title VII suit). Thus, the third factor is present as well. While Mr. Bridges may understandably be upset about the dismissal of his previous Title VII case, the doctrine of *res judicata* bars him from proceeding in this suit.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Mr. Bridges leave to proceed *in forma pauperis* and dismiss the Complaint and Amended Complaint with prejudice as barred by *res judicata*. Mr. Bridges will not be given leave to file a second amended complaint because he

cannot cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER, J.